In the Matter of the Claim of MILDRED M. LEAHY, Respondent, against THE CITY OF NEW YORK, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Claimant was injured while engaged as a telephone switchboard operator and receptionist in the employ of the board of water supply, a board or department of the city of New .York, engaged in projecting and building extensions to the water supply system of the city of New York, and at times in operating a portion of the distribution system which carries water in part to private consumers. She was engaged in a business classified as hazardous. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of JANE LAUBECK, Respondent, against TOC's PRODUCTS COMPANY and THE OCEAN ACCIDENT & GUARANTEE CORPORATION, LTD., Appellants. STATE INDUSTRIAL BOARD, Respondent.— The appellant claims that the claimant's alleged injuries did not arise out of or in the course of her employment. That is the only point in the case. The claimant was employed as a house to house canvasser by the employer whose business was the sale of cleaning products and its sales method was to use from fifteen to twenty sales-ladies to contact the customers in their homes. These salesladies worked on a commission basis and each had an exclusive territory. Canvassing was to be conducted between the hours of nine A. M. and four P. M. It was recommended that the hour from twelve to one be taken as a lunch hour. Employees did not have to follow this recommendation. Employees furnished their own lunch and got it wherever they desired. The claimant started working on the day of the accident at nine A. M. She did not have to report at any fixed place before start-ing to work. The section in which she was ordered to work that day was a half hour's walk from her home. On the day of the accident the claimant finished making a call about twelve o'clock and felt like sitting down for a minute. She walked around the corner from the house where she had made the call to the front of a drugstore about 200 feet from the place where she made her last call, and where she intended to rest a minute and perhaps get some lunch. Before reaching the drugstore she slipped and fell on the public sidewalk. Claimant was employed as an outside saleslady with no duties whatsoever connected with any plant or premises of her employer. She entered her employment when she left her home and remained therein until she returned to her home. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.